# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- ) ) ) | |
| Relyant, LLC ) | ASBCA No. 59809 |
| ) | |
| Under Contract No. W91B4N-08-D-0011 ) | |

APPEARANCE FOR THE APPELLANT:      James H. Price, Esq.
                                               Lacy, Price & Wagner, PC
                                               Knoxville, TN

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                               Army Chief Trial Attorney
                                             MAJ Jason W. Allen, JA
                                                 Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY
## ON APPELLANT'S EQUAL ACCESS TO JUSTICE ACT APPLICATION

In a timely filed application, appellant, Relyant, LLC (Relyant), seeks attorney's fees and compensation for other costs of this litigation pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 (EAJA). The government opposes the request, contending that its defense of this appeal was substantially justified, making Relyant ineligible for fees (gov't br.). We rule in favor of Relyant, though we slightly reduce the amount to which it is entitled from what it seeks.

## BACKGROUND[1]

In our opinion, dated June 27, 2018, we granted Relyant partial relief for its claims. The above-captioned contract was for the provision of relocatable buildings to the United States Army (Army or government) in Afghanistan. Relyant had wished to change the specifications for the wall insulation for components of these buildings known as "cans," and asserted that the government had agreed to the change before rejecting cans that had been manufactured in accordance with the hoped-for design change. We held that the government had not, in fact, agreed to the changes, but that its

---

[1] Unless otherwise noted, these facts are all taken from our earlier decision in favor of Relyant following the trial: *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,085, *partial reconsideration denied*, 18-1 BCA ¶ 37,146. Familiarity with that opinion and our decision upon Relyant's request for partial reconsideration is presumed.

faith and fair dealing in the circumstances presented. We found the government liable for damages flowing from a later date than Relyant hoped for, leading to substantially lower damages than it sought. Relyant sought partial reconsideration on the calculation of damages, but we denied that request.

Relyant's request for attorney fees in this matter includes a declaration from its chief executive officer, Mr. Daniel Smith, asserting that at the time of the filing of the appeal in January 2015, Relyant's net worth was less than $7 million and it had less than 500 employees (*see* app. br., ex. A at 1). Relyant also includes a declaration from its attorney, Mr. James Price, setting forth a copy of his firm's billing records for this appeal, as well as expenses (*see id.*, ex. B, ex. 1[2]). The number of attorney hours sums to 750.1 (*id.*, ex. 1 at 20), which, multiplied by the statutory hourly rate of $125, yields $93,762.50, although Mr. Price's firm billed Relyant at a higher rate, yielding $174,898.75 in paid fees (*id.*). Expenses paid and advanced add up to $10,231.58 (*id.* at 21), which, added to the $93,762.50 in attorney fees at the EAJA rate, totals $103,994.08.

One matter of note is that Relyant claims 11.7 hours for work on its unsuccessful motion for partial reconsideration (app. br. at 19-20). At $125 per hour, this is $1,462.50.

DECISION

EAJA provides that a business with a net worth less than $7,000,000 that prevails before the Board "shall [be] award[ed]" the fees (at the EAJA rate) and other expenses that it incurred unless the position of the government was "substantially justified" or other circumstances make such an award unjust. 5 U.S.C. § 504; *see also SST (Supply & Service Team) GmbH*, ASBCA No. 59630, 18-1 BCA ¶ 36,932 at 179,932 (citing *Rex Systems, Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854). The government has essentially conceded that Relyant is the prevailing party (gov't br. at 2), and does not dispute that its application is timely or that it is of a size to be eligible for an EAJA award. Moreover, its opposition to Relyant's filing does not contest the amount sought by appellant. Instead, the entirety of the government's opposition to Relyant's EAJA application rests upon the notion that the government's position was "substantially justified" as that term is used in the EAJA statute. (Gov't br. at 2-5) In particular, the government argues that a number of factors should lead to the conclusion that it was substantially justified: first, that Relyant did not prevail on its argument that the specifications for the cans had been amended by the government (*id.* at 4); next, that Relyant only received a fraction of the damages that it sought (*id.* at 5); and finally, that the law on good faith and fair

---

[2] Mr. Price's declaration, exhibit B to Relyant's request for fees, had its own attached exhibit, exhibit 1.

2

dealing was ambiguous enough to make the government's defense against such a claim substantially justified (*id.* at 4-5). We disagree on all these particulars.

The law regarding "substantial justification" and EAJA is straightforward. To prevail, the government is not required to prove that it had a substantial likelihood of victory in the litigation, but it does bear the burden of proof to demonstrate that "a reasonable person could think [the government's position is] correct, that is [that] it has a reasonable basis in law and fact." *SST*, 18-1 BCA ¶ 36,932 at 179,932 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)); *Rex Systems*, 02-1 BCA ¶ 31,760 at 156,854. Put another way, the government's position is more likely to be substantially justified when greater "legal uncertainty" is presented. *SST*, 18-1 BCA ¶ 36,932 at 179,932 (citing *Rex Systems*, 02-1 BCA ¶ 31,760 at 156,855).

It is important to recognize that substantial justification applies to the entirety of the litigation position and not just the posture on individual issues. Thus, the Supreme Court has held that, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (citations omitted); *cf. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989) (in another fee-shifting statute, overall success goes to reasonableness, not availability, of the award).

On the other hand, when determining the reasonableness of the award, we may exclude fees for separable work on claims that were unsuccessful. *Hart's Food Services, Inc., dba Delta Food Service*, ASBCA No. 30756R *et al.*, 93-1 BCA ¶ 25,524 at 127,179 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

Thus, we turn to the government's contentions. Since we primarily focus upon the overall result of the litigation for purposes of substantial justification analysis, Relyant's lack of success on one particular cause of action (its allegation that the government had agreed to the change in can specifications) does not make the government's defense substantially justified. Nor does Relyant's failure to obtain all of the money that it sought mean that the government's position was substantially justified. We now turn to whether "legal uncertainty" regarding the doctrine of good faith and fair dealing supports a finding that the government's defense was substantially justified.

We made no secret in our decision of our view that the tests set forth in *some* cases explicating the doctrine of good faith and fair dealing lacked precision. *See Relyant*, 18-1 BCA ¶ 37,085 at 180,539. In large part, though, that was because those cases appeared to have few limits upon their application to "unreasonable" government action. *Id.* Our opinion sought to put the doctrine on somewhat firmer ground by drawing clearer, tighter borders upon its use, as it did. *See id.* Indeed, after

our decision here, the United States Court of Appeals for the Federal Circuit issued its opinion in *Dobyns v. United States*, 915 F.3d 733 (Fed. Cir. 2019), which took a similar approach to more narrowly delineating the duty. *See id.* at 739. Thus, though we ruled in favor of Relyant by finding a breach of the duty of good faith and fair dealing, we did so in a way that was no more expansive than pre-existing law and, if anything, set forth a more limited application than might have been divined by a loose reading of some earlier cases. Consequently, even given a more "conservative" reading of the pre-existing case law on good faith and fair dealing, the government's actions (inactions may be a better descriptor here) were clearly within the definition of a breach of the duty of good faith and fair dealing. Its defense of its inactions in the facts presented in this appeal, then, was not substantially justified.

The government has made no challenge to the reasonableness of Relyant's attorney fees which, to us, appear quite reasonable on their face with one exception: the fees incurred working on Relyant's unsuccessful motion for partial reconsideration. Given Relyant's complete lack of success on that motion, the fact that it did not contribute to Relyant's ultimate success on the merits (coming, as it did, after that success), and the fact that these fees are easily severable from Relyant's other fees, we deduct the 11.7 hours spent on the motion for partial reconsideration, which sums to $1,462.50, from Relyant's recoverable fees.

## CONCLUSION

Relyant has demonstrated its entitlement to fees and the government has not carried its burden to prove that its defense of this appeal was substantially justified. Moreover, the government has not challenged the quantum of $103,994.08 in fees and expenses sought by Relyant, which appears to us to be reasonable – with the exception of the $1,462.50 incurred in support of the motion for partial reconsideration. Relyant's application for the award of fees and expenses is granted in the amount of $102,531.58.

Dated: April 22, 2019

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 59809, Appeal of Relyant, LLC, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals